**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA**



-FILED-

DEC 29 2020

Christopher H-Cannon: Bey, Damien-Holmon: Bey,
Travis-Austin: Bey
**PETITIONER(S),**
ON BEHALF OF A CLASS

CASE 2'20cv480

-vs.-

The State of Illinois, City of Chicago
City of Chicago Mayor Lori Lightfoot
David O. Brown, Chief of Chicago Police
Thomas Dart Sheriff

Cook County Clerk, Karen Yarbrough
Brendan F. Kelly, Director
Illinois State Police
Chicago Police Officer D. Guzman
City of Chicago Dept. of Streets and Sanitation
Robert Dyckman
Supervisor Auto Pound 6
Tom Dart Cook County Sheriff
Markham Court
Judge Thomas Carroll
Court Room 204
Cook County Judge
Thaddeus L. Wilson
Court Room 404
Other Unknown Law Enforcement officers,
From the City of Gary IN. police,
Merrillville IN. police,
Calumet City IL. City of Chicago IL. Police,
Georgia State Patrol, Ohio, Illinois, Oak Park, IL
Police Department, Officer J. Curtin,
Officer A. Flores, Officer C. McVey
Indiana Secretary of State, Connie Lawson
Chicago Police Officer Suzanne Niemoth #17958
Chicago Police Officer Mohammad Ahmad #10538
Chicago Police Sergeant Wilfredo Sanchez #923
**Defendant(s),**

**VERIFIED COMPLAINT
CONSTITUTIONAL VIOLATIONS
TITLE 42 1983, 1985, & 1986
DENIAL OF DUE PROCESS
FRAUD**

**INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS
CONSPIRACY
MALICIOUS ABUSE OF
PROCESS
MAIL FRAUD**

**JURY TRIAL DEMANDED**

1

---

## JURISDICTION AND VENUE

1.    Jurisdiction of this court arises under **28 U.S.C. §§ 1331, 1337, 1343(a)** (civil rights and elective franchise), and **1367**(a) (supplemental jurisdiction): **42 U.S.C. §§ 1982, 1983** (civil action for deprivation of rights), **1985(3)** (conspiracy to interfere civil rights), **1986** and **1988** (proceedings in vindication of civil rights); and **18 U.S.C. §§ 1341, 1511; 1961** (and statutes cited therein) through **1967**.

2.    Jurisdiction of this court for the pendent claims is authorized by **F.R.Civ.P. 1** and arises under the doctrine of pendent jurisdiction as set forth in ***United Mine Workers v. Gibbs, 383 U.S. 715 (1966).***

3.    This Court has original jurisdiction over this action based on Diversity of Citizenship under **28 U.S.C. 1332**.

## 1st CAUSE OF ACTION
## DODGE CHARGER

4.    Now comes Christopher H- Cannon: Bey, On Behalf of a Class (Hereinafter Petitioner(s)) to redress his grievances. According to the 1st Amendment of the U.S. Constitution. The Petitioner(s) domiciles at 201 E. Ridge Rd, Province of Indiana. Defendant(s), Unknown Officers: Badge Number No. 6652 and Badge Number No. 6578 on the citations.

2

5.        This action arises from a traffic stop and citations issued.  The complaint alleges that the Affiant operated (1) uninsured vehicle 0188886, (2) improper lane change 0188887, (3) driving while licenses suspended or revoked 0188888, (4) improper use registration/title 0188889, and (5) failure to produce driver license 0188890.

6.        On the 30th day of March of the year 2017, Christopher H-Cannon: Bey, while driving in a State-owned Government vehicle (United States of America Republic), was stopped by the Illinois State Troopers.

7.        Petitioner(s) was unlawfully arrested under coercion and duress.  As of this date Petitioner(s) has not received a property receipt for the confiscated license plate taken by State Troopers.

8.        The Petitioner received service of copies of citations and court summons in this action on the 30th day of March of the year 2017.  Copies of the summons and complaint are attached hereto, and constitute the only process, pleadings, and orders that have been filed in this action.

9.        This action is a civil action for damages between the Petitioner(s) and the Defendant(s), Unknown Chicago Police Officers: Badge Number No. 6652 and Badge Number No. 6578 and the STATE OF ILLINOIS.  At the time the action was commenced, the Petitioner(s) was and now is a Citizen of the United States of America Republic, and at the time the action was commenced, the Petitioner(s),

the United States of America Republic, was and now is a corporation incorporated under the laws of the STATE OF INDIANA. At the time the action commenced, the Defendant(s) were and now are citizens of the STATE OF ILLINOIS.

10.        The Petitioner(s) vehicle was towed and impounded in violation of STATE OF ILLINOIS driving exemption laws.

11.        Petitioner(s) was not found guilty of any charges brought against him, and seeks reimbursement of tow fees, and the License Plate confiscated by ILLINOIS STATE Troopers. Defendant(s) knowingly and unconstitutionally incarcerated the Petitioner(s) while practicing colorable law. Defendant(s) also seized private property without compensation or a valid warrant.

12.        Defendant(s) are in violation of the **IV**, **V** and **XIV** Amendments.

13.        Petitioner(s) exists to protect and enforce their Civil Rights and Constitutionally Protected Rights for themselves and A Class. The Defendant(s) are clearly violators of Civil Rights under **Title 42 section 1983**. **See Exhibits [A1], [A2], [A3]**

## 2nd CAUSE OF ACTION
## THEFT OF BLUE FORD CROWN VICTORIA MARSHAL CAR

14.        This action arises from the outright theft, on or around November 7, 2018, on the 1900 block of South Homan Ave., in Chicago, Illinois of a United States of America Republic Law Enforcement Vehicle, 2004 Crown Victoria Marshal car,

4

having VIN # 2FAHP71W34X139336, and plate # MP 5905 MP, by the Chicago Department of Streets and Sanitation / Robert Dyckman. Defendant(s) knowingly seized illegally, the above vehicle without notices, citations, warrants, court orders or any judgments issued. When seized, this U.S.A.R. owned Vehicle was in perfect running order and was not a hazard.

15.    The Chicago Department of Streets and Sanitation would need to show current Illinois Statutes that give power and Authority to the Chicago Department of Streets and Sanitation to have a vehicle of another Government Entity towed for this seizure to be legal or lawful.

16.    Petitioner(s) have confirmed with the Chicago Police Department at the 10th District that they had nothing to do with the illegal seizure of the above vehicle being towed and impounded.

17.    Petitioner(s) confirmed with the Chicago Police Records Department that The Chicago Police Department was not responsible for the seizure. If the Chicago Police Department had been responsible, there would have been a police report for the tow of the vehicle. However, there was none to be found in their records.

18.    Upon returning to the 10 District of the Chicago Police Department, Petitioner(s) spoke with Sgt. Augle Badge #1399 whom stated after he checked in

their system that the Chicago Department of Streets and Sanitation were the responsible parties.

19.     The Chicago Department of Streets and Sanitation / Robert Dyckman did not give required notice or warnings that the car would be towed or that they had possession after the vehicle was knowingly illegally seized by them.

20.     The vehicle clearly displayed a License Plate issued by the United States of America Republic, bought by and owned by the United States of America Republic for Law Enforcement purposes.  After being notified that the vehicle belonged to the United States of America Republic, Defendant(s) still refused to release the vehicle.

21.     Defendant(s) are in violation of the **IV, V** and **XIV Amendments**.

22.     Petitioner(s) exists to protect and enforce the Civil Rights and Constitutional Rights for himself   and A Class. The Defendant(s) are clearly violators of the Petitioner(s) Civil Rights under **Title 42 section 1983**.

23.     Petitioner(s) filed case number: 20181501197 in Circuit Court for the release of the above vehicle. The Judge stated, "I do not recognize your Charter. You may file a Case as an individual in this court."

24.     Petitioner(s) replied, "I had no standing to file as an individual because the property belongs to the United States of America Republic of which I am just a Representative." **See Exhibits [B1], [B2], [B3], [B4], [B5], [B6]**

6

## 3rd CAUSE OF ACTION
### HONDA CRV

25.        This action arises from an unlawful traffic stop, arrest, and incarceration of the Petitioner(s) on January 25, 2020, by two unknown CITY OF CHICAGO police officers, and the citations they issued.   The complaint alleges that the Petitioner(s) was: (1) driving while his license was **suspended** or **revoked** (citation # TU-233937), and (2) **improper use registration/title** (citation # TU-233936). The arrest was evidenced by an I-Bond and a tow report. The Defendant(s) were practicing colorable law by taking the private property of the Petitioner(s) without compensation or a valid warrant. **See Exhibit [C3]**

26.        On July 15, 2020 Petitioner(s), **President Christopher H-Cannon: Bey** made a Special Appearance in court where the prosecutor clearly stated that Petitioner(s) STATE OF ILLINOIS Driver's License had been **expired since 1994**.

27.        Petitioner(s) having an expired driver's license does not mean **"Suspended or Revoked"**.

28.        The case was **Nolle prosequi. See Exhibit [C4]**

29.        Petitioner(s) then asked for a court order to retrieve the vehicle from the auto impound and was told by the judge that she could not issue a court order for the return of the vehicle.  The judge then stated that Plaintiff(s) would have to get the

7

court disposition to retrieve the vehicle. However, the court disposition would not be available for another 3 weeks and Plaintiff(s) may have to pay to retrieve it.

30.    Petitioner(s), after leaving court, called the auto impound about the vehicle, and was told that the vehicle was disposed of June 18th, 2020. **See Exhibit [C5]**

31.    The complaint alleges that the Petitioner(s), operated an improperly registered vehicle (citation #TU-233936). However, when looking at the Cook County Clerk's website, the ticket that was originally issued for an "Improperly Registered Vehicle" was somehow changed and entered on the court docket as having **"No Insurance"**. The court record clearly shows a violation of **Title 18 section 1001, <u>Falsifying Court Records</u>. See Exhibit [C4]**

32.    Defendant(s) are in direct violation of the **IV, V** and **XIV Amendments of the U.S. Constitution**.

33.    Petitioner(s) exists to protect and enforce the Civil Rights and Constitutionally Protected Rights for himself and A Class. The Defendant(s) are clearly violators of Petitioner(s)' Civil Rights under **Title 42 section 1983**.

## <u>4th CAUSE OF ACTION</u>
### <u>Black Crown Victoria Marshal Vehicle</u>

34.    This action arises from a traffic stop of the Petitioner(s), which was knowingly and without probable cause conducted by Chicago Police Officer, D. Guzman (badge #17279), who initially charged Petitioner(s) with impersonating a police officer. The initial charges / reasons for the traffic stop changed after

8

Petitioner(s) was arrested and taken into custody. The Petitioner(s)' was held for hours before being formally charged.

35.        Petitioner(s) money was stolen, citations were issued, vehicle was stolen, and the License Plate removed by Officer D. Guzman specifically (**Defendant is actually on video driving off in the car himself**), Chicago Police Department protocols were not followed, and the Petitioner(s) was unconstitutionally incarcerated by Defendant(s) for 7 months. **See Video Exhibit [D2]**

36.        On the 2nd day of February in the year 2019, Officer D. Guzman (badge #17279), knowingly and without probable cause stopped, President Christopher-Cannon: Bey for allegedly impersonating a police officer. Officer D. Guzman (badge #17279) asked Petitioner(s) for his Driver's License. Petitioner(s) complied with the officer's request by handing Officer D. Guzman his Driver's License issued by the United States of America Republic Bureau of Motor Vehicles.

37.        Officer D. Guzman (badge #17279) knowingly never asked for the Petitioner(s)' vehicle registration. Officer D. Guzman appeared to become hostile as he ordered Petitioner(s) to exit his vehicle and began to shout, "sovereign citizen!" His conduct and demeanor were clearly a **violation of the police code of conduct**. President Christopher-Cannon: Bey complied with his commands.

38.        Next, Officer D. Guzman (badge #17279) hand cuffed President Christopher-Cannon: Bey. Defendant(s) asked where Petitioner(s) got his License Plate. Petitioner(s)

explained to Officer D. Guzman (badge #17279) that he got the License Plate from his Government. **See Video Exhibit [D3]**

39.      Officer D. Guzman (badge #17279) knowingly, had no probable cause to hinder the freedom of movement of Petitioner(s).

40.      Officer D. Guzman (Badge #17279) also stated that Petitioner(s) said he was impersonating a Police Officer when he placed Plaintiff in the back of patrol car. Petitioner(s) said to Defendant(s) "Don't do that, don't lie on me, I never told you I was a Police Officer. If you do that, I'm going to snatch your bond from you".

41.      Officer D. Guzman #17279 did not stop and detain President Christopher-Cannon: Bey for a stolen or altered License Plate **(625 ILCS 5\4-104(3))** or for presenting a false Driver's License **(15 ILCS 335/14B (1).**

42.      Defendant(s) knowingly, had no knowledge, or ever witnessed Petitioner(s) committing any crime.

43.      Defendant(s) pulled up to the left side of President Christopher-Cannon: Bey at the corner before Petitioner(s) made a left-hand turn and asked President Christopher-Cannon: Bey to **"roll down his window."**

44.      President Christopher-Cannon: Bey complied.  Officer D. Guzman (badge #17279) then asked, **"What agency is that?"**

45.      President Christopher-Cannon: Bey stated, **"The National."** Officer D. Guzman (badge #17279) then asked, **"Where is that located?"** President Christopher-Cannon: Bey stated, **"Out of The Province of Indiana"**

46.     Officer D. Guzman (badge #17279) then said, **"Oh okay, go ahead, you can turn in front of me"**, and waived his hand as in saying make the turn. Both cars were side by side at the corner talking. Officer D. Guzman (badge #17279) was talking through the passenger window of his car into the driver's window of President Christopher-Cannon: Bey.

47.     President Christopher-Cannon: Bey with his blinker still on made the left-hand turn and was immediately pulled over by Officer D. Guzman (badge #17279) and his partner.

48.     This shows a strong indication that Officer D. Guzman (badge #17279), knowingly did not see any crime being committed. Officer D. Guzman (badge #17279) knowingly and willingly denied Petitioner(s)' Inalienable Rights.

49.     Officer D. Guzman (badge #17279), knowingly Deprived Petitioner(s), of life, liberty, and property by falsely accusing and arresting President Christopher- Cannon: Bey, which resulted in an unlawful act of kidnapping.

50.     Officer D. Guzman (badge #17279) later issued three citations to President Christopher- Cannon: Bey: (1) driving on a Suspended license; (2) Driving with no insurance; and (3) not putting a left signal on a 100ft before a turn. **Each one of these tickets were Nolle**. Which indicates that they were all unfounded and maliciously issued by Defendant(s). **See Exhibit [D9]**

51.     Officer D. Guzman (badge #17279) knowingly violated police policy and procedures by driving vehicle from location of police stop.

52.     Officer D. Guzman #17279 knowingly violated **ILCS 625 5/3/ 102 Exclusions.**

53.        Officer D. Guzman #17279 knowingly violated **ILCS 625 5/6/ 102 Exemptions**.

54.        Defendant(s) are in violation of the **IV, V** and **XIV Amendment**s.

55.        Petitioner(s) exists to protect and enforce the Civil Rights and Constitutionally Protected Rights for himself   and A Class.  The Defendant(s) are clearly violators of Civil Rights under **Title 42 section 1983. See Exhibits [D1], [D4], [D5], [D6], [D7], [D8]**

## 5th CAUSE OF ACTION
## 2007 FORD EDGE

56.        This action arises from Officer D. Guzman (badge #17279) whom knowingly and without probable cause conducted a traffic stop, issued fraudulent citations, and seized yet another vehicle of Petitioner(s) on the 24th day of November 2020, while Petitioner(s) not moving in traffic, were parked in a Privately Owned lot.  Defendant(s) was a great many miles away from the location he was assigned to patrol that day (Beat 1062D), which makes one question the motives of Officer D. Guzman who made this arrest in Beat 1024 where Petitioner(s) were. Defendant(s) listed the Beat he was assigned and the beat the arrest was made on the impound slip that he filled out. **See Exhibit [E5]** Clearly Defendant(s) mocks the Rule of Law and is using his badge authority to intimidate and pillage from the honest, law abiding American Citizens who are operating lawfully and peacefully while doing commerce.

12

57.         Officer D. Guzman (badge #17279) knowingly abused his power and acted maliciously while using intimidation as well as acts of racketeering by inflating simple, and unlawful traffic tickets into *unfounded* felonious charges. These *premeditated*, *egregious* acts were performed by the Defendant(s) to have President, Christopher-Cannon: Bey incarcerated in Cook County jail, and to steal another vehicle from Petitioner(s), just like Officer D. Guzman (badge #17279) did with the black Ford Crown Victoria that he drove off in on February 2nd, 2019. There appears to be a pattern of the Defendant(s) **"Defrauding the Public Trust" and committing acts of "Piracy on Dry Land."**

58.         Officer D. Guzman (badge #17279) knowingly retaliated against Plaintiff(s) for filing a civil suit naming Defendants(a) in Federal Court in November of 2020. (Case No. 2:20-CV-373-PPS-JEM)

59.         Officer D. Guzman (badge #17279) knowingly and with malicious intent stole the 2007 Ford Edge from Christopher-Cannon: Bey on November 24, 2020 while performing yet another **unfounded**, alleged traffic stop of the Petitioner(s)' parked vehicle in a private lot and again drove away with the vehicle as though it was his own.

60.         Officer D. Guzman (badge #17279) knowingly violated police policy and procedures by driving vehicle from location of police stop.

61.         Officer D. Guzman (badge #17279) knowingly violated police policy by illegally and unlawfully driving Plaintiffs vehicle off private property based on **fraudulent citations**. This is the **second vehicle** that Defendant has driven that

belongs to the Petitioner(s). It would appear that the Petitioner(s) are being targeted, intentionally harassed, and extorted by Defendant(s).

**See Exhibits [E2] and [E3]**

62.        Officer D. Guzman (badge #17279) knowingly violated **ILCS 625 5/3/ 102 Exclusions.**

63.        Officer D. Guzman (badge #17279) knowingly violated **ILCS 625 5/6/ 102 Exemptions.**

64.        Officer D. Guzman (badge #17279) knowingly falsifies information on parking ticket just to be able to have Petitioner(s) vehicle towed / stolen from private property in retaliation.

65.        Officer D. Guzman (badge #17279) knowingly stalked Petitioner(s) at Petitioner(s) place of employment. **See Exhibit [E6 Affidavit of Travis Bey]**

66.        On the 24th day of November in the year 2020, President Christopher-Cannon: Bey and Damien-Holmon: Bey were parked on a private lot outside their office of employment after coming back from a meeting an unmarked police vehicle was seen circling the block.

67.        The unmarked police vehicle then came back around slowed down then the unmarked police vehicle then came around thru the alley and pulled up onto the lot behind Christopher-Cannon: Bey and Damien-Holmon: Bey where they were parked on private property.

68.        Officer D. Guzman (badge #17279) asked Christopher-Cannon: Bey for his Driver's License. President Cannon: Bey complied with the officer's commands

14

and handed Officer D. Guzman his Driver's License issued by the United States of America Republic Bureau of Motor Vehicles. **See. Exhibit[E6] Cannon: Bey's USAR Driver's License**

69.     Officer D. Guzman (badge #17279) knowingly and falsely placed Christopher-Cannon: Bey under arrest for driving with a fictitious driving license, license plates and registration, citation numbers **TU-345-051, TU-345-052** the address is 1942 S. Homan Ave. **See Exhibit[E] License plates and registration**

70.     Officer D. Guzman (badge #17279) knowingly made false claims to have made a traffic stop. The problem is Christopher-Cannon: Bey was parked on private property not owned by the City of Chicago and not in traffic **See. Exhibit[E2] citation numbers TU-345-051, TU-345-052**

71.     Officer D. Guzman (badge #17279) knowingly shows his vindictive and malicious intent by writing a parking ticket number **0071605806-17** on the parking ticket he writes down the address as 1944 S. Homan Ave **See. Exhibit[E3] Parking ticket 0071605806-17**

72.     Officer D. Guzman (badge #17279) knowingly shows his vindictive and malicious intent by writing a parking ticket number **0071605806-17**, the citation is for Chicago Ordinances ... **9-64-110 (g)** parking in a viaduct or underpass; Parking prohibited – Roadways, sidewalks, bridges and similar locations, Parking on city property. **See. Exhibit[E8], [E9], [E10], [E11], [E12] Pictures of 1942 and 1944 S. Homan.**

73.     Officer D. Guzman (badge #17279) knowingly shows his vindictive and malicious intent to retaliate against Christopher-Cannon: Bey for filing a civil suit against him in federal court. **See. Exhibit[E]civil action sheet 2:20 CV 373 Filed in the Northern Indiana District Court.**

74.     Petitioner(s) was not found guilty of the charges brought against him.

75.     Petitioner(s) seeks the return of the vehicle, reimbursement of tow fees, the return of the License Plate, vehicle registration card, insurance card and driver's license that was taken by Officer D. Guzman (badge #17279).

76.     Officer D. Guzman (badge #17279) knowingly and unconstitutionally incarcerated Christopher- Cannon: Bey.

77.     Officer D. Guzman (badge #17279) knowingly practices colorable law, as well as the taking of private property without compensation or a valid warrant. **See. Exhibit[E5] Tow report**

78.     Defendant(s) are in violation of the **IV, V** and **XIV Amendments**.

79.     Petitioner(s) exists to protect and enforce the Civil Rights and Constitutional Rights for himself  and A Class.  The Defendant(s) are clearly violators of Civil Rights under **Title 42 section 1983**.


### 6th CAUSE OF ACTION
### 2007 PONTIAC G6

80.     On **September 3rd, 2020** at approximately 10:45p.m. Petitioner(s) was pulled over by the Oak Park Police.  Petitioner(s) was asked for driving license and registration.  Petitioner(s) handed his driver's license issued by the Bureau of Motor Vehicle of the United States of America Republic as well as insurance and registration.  Sergeant J. Curtin (badge #119) took the identification.

81.     Sergeant J. Curtin (badge #119) came back to Petitioner(s) automobile and said the registration, driver's license, and insurance were fraudulent and not recognizable.  Three officers approached Petitioner(s) and removed him from the car without consent.

82.     As Petitioner(s) was being taken to the Oak Park Police Station, 123 Madison St., Oak Park, Illinois 60302.  Petitioner(s) noticed Sergeant J. Curtin (badge #119) unscrewing his license plates.

83.     Defendant(s) said Petitioner(s)' license was revoked.  Petitioner(s) explained that he has a valid license issued by his government and according to **625 ILCS** he is exempt from carrying foreign driver's licenses and registering with foreign entities.

84.     After arriving to the Oak Park police Station, Petitioner(s) explained to the officers that he is the Attorney General of the United States of American Republic.

85.     Officer C. Mcvey (badge #421) brought some of Petitioner(s)' property in and sat it on the desk; his phone, papers, and empty government Id badge holder which previously held Petitioner(s) government work credentials from the United

States of America Republic. Petitioner(s) asked about his government work credentials, Driver's license, keys to his home, two fezzes and automobile.

86.     The officer returned with only Petitioner(s) keys to his home.

87.     Sergeant J. Curtin (badge #119) told Petitioner(s) he was going to tow his car.

88.     The officer stated that Petitioner(s) would be taken to the cook county jail and not issued an I-Bond depending on Sergeants J. Curtin's mood.

Petitioner(s) was held for almost 4 hrs.

89.     Officer A. Flores (badge #312) tried to fingerprint Petitioner(s) without his consent. Petitioner(s) explained to the Officer that his fingerprints were the property of The United States American Republic.

90.     Petitioner(s) was later released and given a third of my property.

91.     These are the things that were not returned to Petitioner(s): **1.)** Two Fezzes (one black one red); **2.)** One United States of America Republic Attorney General Government Identification; **3.)** One Automobile/Vessel Gray 2007 Pontiac G6; **4.)** Two United States of America Republic Issued license Plates (HOLBEY1); **5.)** One Ulyable Insurance Card; **6.)** One United States of America Republic Department of Justice Manual; **7.)** One Box of 1000 Attorney General Business Cards; **8.)** One U.S.A.R. BMV Vehicle Registration Card; **9.)** Two wrist watches; **10.)** and other miscellaneous items. **See Exhibits [F1], [F2]**

## 7th CAUSE OF ACTION

## DAMIEN-HOLMON: BEY'S PERSONAL PROPERTY

92.     On October 23rd, 2020 the Petitioner(s), drove his son to relatives' home on the 7700 block of South Olgesby in Chicago.  As Petitioner(s) was parking the car, Chicago Police Officer Anthony Lovinelli III (badge# 3528), pulled up and turned on his blue lights.  Next, Officer Anthony Lovinelli III (badge# 3528), approached Petitioner(s)' car.

93.     Petitioner(s) was asked to produce his driver's license, registration, and insurance, which Petitioner(s) complied.  Petitioner(s) told the officer he was a non-resident Citizen of the United States of America Republic.

94.     A Gang Unit Sergeant and other Gang Unit officers descended upon the vehicle Petitioner(s) had parked.  Petitioner(s) was intimidated and feared for his life at this point.

95.     Officer Anthony Lovinelli III (badge# 3528), who took Petitioner(s)' registration, insurance, and driver's license returned and said they were not real.

96.     Petitioner(s) told him that according to **625 ILCS 5/6-102** and **6251LCS 5/3-102** which speaks of nonresidents, and clearly states, "he who has in their immediate possession a valid license issued to him from his home state or country may operate a motor vehicle for which he is licensed for the period during which he is in the state of Illinois as well as being excluded from registering in the state".

97.     Petitioner(s) told him according to **Article 4**, Full Faith and Credit of the United States Constitution Defendant(s) are bound to honor his credentials and documents.

98.     Defendant(s) then opened Petitioner(s) car door, physically removed Petitioner(s) from the car, and placed hand cuffs on Petitioner(s).

99.     The Gang Unit Sergeant and his officers searched Petitioner(s).

100.    Next, Officer Jeremy Lipka (badge# 7490) and Officer Angel Rivera Jr. (badge# 18733) also searched Petitioner(s).

101.    Officer Anthony Lovinelli III (badge# 3528) then unscrewed the License Plate from the vehicle Petitioner(s) had parked.

102.    Petitioner(s) was then arrested and transported to the 3rd District – Grand Crossing Police Station, 7040 S Cottage Grove Ave, Chicago, IL 60637. Defendant(s) stated all Petitioner(s) credentials were not authentic and that Petitioner(s) was impersonating a U.S. Federal official.

103.    Officer Angel Rivera Jr. (badge# 18733) began going through Petitioner(s) wallet and took Petitioner(s) United States of America Republic issued Credentials out. He removed Petitioner(s) office of Attorney General I.D., U.S.A.R. Attorney General Badge, and U.S.A.R. Passport I.D.

104.    Officer Anthony Lovinelli III (badge# 3528) joked about Petitioner(s) passport and insurance. Petitioner(s) encouraged him to call the number on the back of the insurance card, which he did while laughing. Defendant(s) called the

number and put it on speaker phone. A voice message asked for your pin and press certain numbers to file your claim. In utter shock Officer Anthony Lovinelli III (badge# 3528) told Officer Jeremy Lipka (badge# 7490), "oh shit, this might be real."

105.     Shortly afterwards, the two officers dialed the number again and heard the recording of the Ullyable Insurance answering service. Officer Anthony Lovinelli III (badge# 3528) left the room and Petitioner(s) urged Officer Jeremy Lipka (badge# 7490) to go to the U.S.A.R. website.

106.     Petitioner(s) mentioned early to verify the truth about the United States of America Republic.

107.     Petitioner(s) also spoke to Officer Jeremy Lipka (badge# 7490) about the differences of Jurisdiction between the Province of Illinois, District of Illinois and the State of Illinois. Defendant(s) acknowledged what Petitioner(s) told him and then Defendant(s) said to Petitioner(s), **"Your government has been around since 2015."**

108.     By the above quote, the Defendant(s) clearly acknowledges Petitioner(s) Citizenship and Jurisdiction.

109.     Officer Jeremy Lipka (badge# 7490), Officer Anthony Lovinelli III (badge# 3528), Officer Angel Rivera Jr. (badge# 18733) led by Sergeant James Grissett Jr #1072 FORCED Petitioner(s) TO REMOVE his FEZ WHICH IS Petitioner(s) NATIONAL, Religious HEADRESS.

110.    Petitioner(s) was held in captivity for an entire 12 hours from Friday at 9PM until Saturday at 9AM on the Moorish American national holy day of October 23, 2020.

111.    On Saturday at 8:45AM Petitioner(s) was transported to 26th and California Ave. for Court.

112.    At About 5 pm the Cook County officers brought Petitioner(s) to see Judge Susana Ortiz. First, Petitioner(s) spoke with a public defender through video conference.

113.    Judge Susana Ortiz #2177 issued a Recognizance Bond Bail Amount of Ten Thousand Dollars and 00/100 cents on ordering upon special conditions of bail. **See Exhibits [G1], [G2]**

## 8th CAUSE OF ACTION
## TRAVIS-AUSTIN: BEY / TOYOTA MATRIX

114.    On December 16, 2020 about 9:49pm Petitioner(s) were driving west across 16th Street in Chicago. As Petitioner(s) turned down Avers Street headed North toward the express way, they were pulled over by unknown Chicago police officers for allegedly not having the headlights on. Unknown Officer #1 informed Petitioner(s) of the matter and then asked for Travis-Austin: Bey's License, Insurance and registration, which he provided. An unknown female Officer #2 returned shortly to asked for Insurance which she was told the other officer has. She left and returned to her Police vehicle.

115.    A new officer #3 unknown at the time came to the driver's window with a note pad and pen asking for Petitioner(s)' name and asked also if he had a valid State of Missouri Driver's license.  Petitioner(s) gave his name and told the Officer #3 all the information Defendant(s) needed was on the Driver's License.  The Defendant(s) / Officer #3 stated that The Province of Missouri Driver's License was not a valid driver's license.  Petitioner(s) was then asked, "Who the vehicle belongs to?".  Petitioner(s) replied, "the Name on the registration, Christopher-Cannon: Bey."

116.    Defendant(s) / officer #3 asked Petitioner(s) to turn the car off and place his keys on top of the car.  Petitioner(s) informed the Defendant(s) that Petitioner(s) are  Non-Residents, and that all information is valid and issued from the United States of America Republic Bureau of Motor Vehicles.  The new unknown Defendant(s) / officer #3 snatched the keys off the top of the car and stormed to his vehicle.  Defendant(s) / officer #2 returned to Petitioner(s) window, asking Petitioner(s) to lower the window.  Defendant(s) / officer #2's partner, questioned the Petitioner(s) / driver.  The Defendant(s) officer #2 admitted that she heard of the United States of America Republic, then asked Petitioner(s) if he had a driver's license or Illinois State issued I.D?  Petitioner(s) told Defendant(s) none of his information was needed because Petitioner(s) / passenger was not operating the automobile.

117.    Next, another squad car pulled up, Petitioner(s) were surrounded by at least 9 officers and were then forced out of the vehicle.  Petitioner(s) Travis Austin: Bey was being harassed and illegally searched, while Petitioner(s) Damien-Holmon:

Bey was placed in handcuffs by Defendant(s) / officer #2 who again asked for consent to search Petitioner(s). Petitioner(s) refused consent to any searches or seizures. Petitioner(s) asked Defendant(s) why they were being detained and no answer was given.

118.        After illegally searching Petitioner(s), two unknown Defendant(s) / officers forcibly placed Petitioner(s) in a police vehicle. The Defendant(s) / unknown officer asked the other Defendant(s) / officers "what are we going to do with this guy?", referring to Petitioner(s) / Passenger. Defendant(s) / unknown Sergeant looked up and responded, "let him go." Petitioner(s) / Passenger then asked, "what is the nature and cause of Travis-Austin: Bey arrest?" Petitioner(s) / Passenger was told by Defendant(s), "I can't release any information. Those are private matters. He is a grown man, and he must face a judge."

119.        Petitioner(s) / Passenger then asked, "what station is Travis-Austin: Bey being taken to?" Defendant(s) / officer #2 said, "The 7th district." Petitioner(s) / Passenger asked where is that station located. Defendant(s) / officer #2 said it is on Ogden and Kedzie, which was the 10th district. Defendant(s) / officer #2 then took the keys to the **Toyota Matrix** (Petitioner(s)' vehicle), started it up, and drove off the scene with the other police officers. Petitioner(s) vehicle was not towed. This is the **third** incident that occurred where Chicago Police have clearly decided that they will operate outside of the law and confiscate private property without a warrant, court order or judgement, which is a clear violation of due process of law. This is a violation of Title 18 USC 241and 242 as well as Title 42 USC 1983. **See Exhibits [I1], [H2], [I3], [I4], [I5] Traffic tickets and court documents.**

24

## 9th CAUSE OF ACTION
## 2007 Ford Edge

120.     CHRISTOPHER CANNON BEY PRESENT. MR. CANNON BEY STATES HE REPRESENTS A TRUST THAT PURCHASED THE VEHICLE. CASE CONTINUED TO THE OWNERSHIP CALL. The vehicle shall not be released if it is being held pursuant to any applicable Federal, State, or other law, court order, or warrant that authorizes the continued impoundment of the vehicle, or if it is subject to a police investigation hold that has not been removed. The City? s Law Department may be reached at law.vehicleimpound@cityofchicago.org or (312) 742-8167.

This matter should not have been continued the Trustee came with the original title and bill of sale showing the vehicle was brought in trust. The court was presented with a copy of the Certification of trust. The case was continued to December 23, 2020.

121.     On December 23, 2020 at 1100 a Trustee of the Vast/Vas Estate Express Trust #10105905 appeared before the administrating court to once again show what had already been show the month before that the vehicle was trust property. The administrator did not dismiss the case and release the vehicle to the trustee, instead the administrator added the trust and the Trustee as well as the beneficiaries to the defendants list on the case and fine the trust with a revenue violation and increased the fine.  Even though evidence was provided showing the vehicle in question was clearly brought by a tax-exempt trust, the trustee provided a letter issued by the I.R.S. showing the trust was tax

25

exempt.

The City of Chicago is in breach of an Irrevocable Grantors trust. The record will clearly reflect that the administrator and the City of Chicago violated and is still violating the Trust by holding trust property. The City of Chicago is in violation of Violation of 42 U.S.C. §1982, 1983. **See Exhibits [E15], [E16]**

## COUNTS AND CHARGES

(1) Violation of 42 U.S.C. §1982, 1983,

(2) Violation of 42 U.S.C. §1983 and 1985(3): conspiracy,

(3) Violation of 42 U.S.C. §1983: refusing or neglecting to prevent

(4) Malicious abuse of process,

(5) Title 18 U.S.C. Section 241 and 242 conspiracy,

(6) Intentional infliction of emotional distress,

(7) Impeding on the right to do Interstate Commerce

(8) Violation of 42 U.S.C. Section 2000 bb-1(c)

(9) U.S.A.R. Denied Due Process of Law

(10) Violations of the R.I.C.O. Act

## COUNT 1: VIOLATION OF 42 U.S.C. § 1983

122.      At all times relevant herein, the conduct of all Defendant(s) is subject to **U.S.C. Title 42 §1982, 1983, 1985, 1986, and 1988.**

123.    Defendant(s), Acting under the color of law, conspired to deny Petitioner(s) Rights, Privileges, and Immunities secured by the United States of America Republic's Constitution and Laws.

124.    Defendant(s) conspired for the purpose of <u>impeding and hindering</u> the due course of justice, with the intent to deny Petitioner(s) equal protection of laws. **Johnson v. Zerbst, 304 U.S. 458, 58 S Ct. 1019.**

125.    **WHEREFORE**, Petitioner(s) demands judgment for violation of **42 U.S.C. 1982, 1983** against Defendant(s) in his/her Official capacity, for actual damages in the amount of **$62,536,472,000.00** and further demands judgment against each said Defendant(s) jointly and severally, punitive damages in the amount of **$3,000,000.00**, plus the costs of this action and such other relief deemed to be just and equitable.  Punitive damages are recoverable in **§1983** suit where Defendant's conduct is motivated by an evil motive or intent, or where it involves reck-less or callous indifference to Petitioner(s)' federally protected rights). <u>**Smith v. Wade,**</u> 461 U.S. 30, 50-51(1983)

## COUNT 2: <u>42 U.S.C. § 1983 and 1985 (2) (3) Conspiracy,</u>

126.    At all times relevant, the conduct of all Defendant(s) was subject to **U.S.C. § 1983** and **1985**.  Defendant(s) have constantly obstructed justice according to law.

127.    Defendant(s) have obstructed justice, intimidated parties and witnesses through conspiracy and kidnapping of Petitioner(s).

128.    Petitioner(s) were deprived of rights and privileges. Two or more Defendant(s) did disguise themselves, conspire to detain, and unlawfully deprive the Petitioner(s) of equal protection of the law. Defendant(s) actions allow Petitioner(s) an option for the recovery of damages occasioned by such injury and deprivation.

129.    Defendant(s) are guilty of conspiracy with another person or persons to commit a crime if with the purpose of promoting or facilitating its commission he: (a) agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or (b) agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime **Model Penal Code, § 5.03.** Crime of conspiracy is distinct from the crime contemplated by the conspiracy (target crime), **Com. v. Dyer 243 Mass. 472, 509, 138 N.E. 296, 314.** Members need not know all the details of the plan or the operations. One must, however, know the purpose of the conspiracy and agree to become a party to a plan to effectuate that purpose. **Craig v. U.S., C.C.A.Cal., 81 F.2d 816, 822.**

130.    **WHEREFORE**, Petitioner(s) demands judgment for violation of **42 U.S.C.**

**1985** against all Defendant(s) in his/her Official capacity, for actual, general, special, compensatory damages in the amount of **$62,536,472,000.00** and further demands judgment against each said Defendant(s) jointly and severally, punitive damages in the amount of **$3,000,000.00** Plus, the costs of this action, and such other relief deemed to be just and equitable. Punitive damages are recoverable in **42 U.S.C. §1985** where Defendant(s)' conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to Petitioner(s)' federally protected rights.

### COUNT 3: <u>VIOLATION OF 42 U.S.C. §1983:</u><br><u>REFUSING OR NEGLECTING TO PREVENT</u>

131.    At all times relevant to this Complaint Defendant(s) conspired against Petitioner(s).

(a)    Conspired to violate the rights, privileges, and immunities guaranteed Petitioner(s) by the Constitution and laws of the United States and the laws of the STATE OF ILLINOIS; and

(b)    Otherwise, depriving Petitioner(s) of their constitutionally protected and statutory rights, privileges, and immunities.

(c)    At all times relevant to this matter, Defendant(s) neglected to prevent an injury to Petitioner(s).

(d)    Defendant(s) did not have sufficient evidence to proceed with a search warrant, making their procedure was void ab initio.

29

(e)    Defendant(s) were given notice of the status of Petitioner(s)' Government, United States of America Republic and its Lawful Authority to issue Driver's Licenses, Vehicle Registrations, Titles and Plates.

132.    **WHEREFORE**, Petitioner(s) respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Officials' in their personal capacity **$3,000,000.00**.

## COUNT 4: MALISCIOUS ABUSE OF PROCESS

133.    The Petitioner(s) in this action alleges that the Defendant(s) are liable for abuse of process. There are two basic elements necessary to sustain the cause of action of abuse of process. They are (1) that the Defendant'(s) made an improper, illegal, and perverted use of the legal procedure. Whereby, Defendant(s) resort to the legal process was neither warranted nor authorized by law, and (2) that Defendant(s) had an ulterior motive in initiating the legal process. Consequently, abuse of process is the misuse or misapplication of the legal procedure in a manner not contemplated by law. Officials have intentionally and maliciously abused the legal process to damage Petitioner(s). Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified for an end other than that which it was designed to accomplish. The

purpose for which the process is used, once it is issued, is the only thing of importance. Consequently, in an action for abuse of process, it is unnecessary for Petitioner(s) to prove that the proceeding has terminated in his favor, or that the process was obtained without probable cause or during a proceeding begun without probable cause. It is often said that proof of "malice" is required. It seems well settled that, except on the issue of punitive damages, this does not mean spite or ill will, or **anything other than the improper purpose itself for which the process is used**. The elements necessary to sustain a claim are the use of process in an **improper** manner in the regular conduct of the proceeding and the existence of an ulterior motive. ***Nadeau v. State**, 395 A. 2d 107, 117 (Me.1978)*

134.     Malicious prosecution is the common ingredient of an **improper purpose**, i.e., using court proceedings primarily to gain a private advantage, because of hostility and ill will, **and without belief by the accuser in the guilt of the accused**. Defendant(s) maliciously used the "Abuse of process in a Legal procedure" to accomplish some ulterior purpose which it was not designed or intended, and was not the legitimate purpose of the process employed. ***Caroll v. Gillispie**, 14 Mass. App. Ct. 12, 26 (1982).*

135.     **WHEREFORE**, Petitioner(s) respectfully demands judgment against both Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Defendant(s) in their personal capacity **$3,000,000.00**.

## COUNT 5: TITLE 18 241 & 242 Conspiracy

136.    All Defendant(s) have conspired to deprived Petitioner(s) of their Constitutionally protected rights.  A private party maybe considered to have acted under color of state law, however, when he engages in a conspiracy or acts in concert with state agents to deprive a Defendant(s) of their Constitutionally protected rights. *Tower v. Glover, 467 U.S. 914, 920 (1984); Fonda v. Gray, 707 F.2d 435, 437 (9th Cir.1983).*

137.    Counties may be liable for damages arising from civil rights violations if the alleged deprivation of rights resulted from an official policy, practice, or custom. *Monell v. New York Department of Social Services, 436 U.S. 658, 694 (1978).*

138.    **WHEREFORE**, Petitioner(s) respectfully demands judgment against all Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Defendant(s) in their personal capacity of **$3,000,000.00.**

## COUNT6: INTENTION OF EMOTIONAL DISTRESS

1.    Defendant(s) acted intentionally or recklessly; and
2.    Defendant(s) conduct was extreme and outrageous; and
3.    Defendant(s) acts are the cause of the distress; and
4.    Petitioner(s) suffered severe emotional distress and injury due to Defendant(s) conduct.

139.     Some general factors that show that Defendant(s) conduct was extreme and outrageous are: (1) There was a pattern of conduct, not just an isolated incident; (2) The Petitioner(s) was vulnerable, and the Defendant(s) knew it; (3) The Defendant(s) was in a position of power; (4) The Defendant(s) intentionally and maliciously defamed, harassed and emotionally tortured Defendant(s) (***Hustler Magazine v. Falwell 485 U.S. 46 (1988)),*** extending the standard to intentional infliction of emotional distress.  A person may be liable for false imprisonment not only when the person's own acts directly impose a restraint upon the liberty of another but also when that person, by providing false information, causes such restraint to be imposed.  "Extreme and outrageous conduct is not required if the emotional distress resulted from the commission of another tort. ***American Velodur Metal, Inc. v. Schinabek. 20 Mass. App. Ct. 460, 470-471 (1985).***

140.     **WHEREFORE**, Petitioner(s) Respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Officials in their personal capacity of **$3,000,000.00**.

## COUNT 7: IMPEDING THE RIGHT TO DO INTERSTATE COMMERCE

141.     Defendant(s) have violated the Commerce Clause (**Article 1, Section 8, Clause 3 of the U.S. Constitution**) by restricting and attempting to regulate Petitioner(s) right to do commerce in a manner that is both lawful and peaceful.

Only Congress has the right to regulate Interstate commerce. Defendant(s) unlawfully detained, arrested, and incarcerated Petitioner(s) on multiple occasions causing irreparable harm and anguish to Petitioner(s). Defendant(s) confiscated Petitioner(s) lawfully issued Drivers' licenses, Vehicle Registrations, License Plates, Insurance cards and Vehicles (owned by a private, non-profit trust) which were paid for by Petitioner(s) as a tax to the UNITED STATES OF AMERICA REPUBLIC.

142.    **WHEREFORE**, Petitioner(s) Respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Officials in their personal capacity of **$3,000,000.00**.

## COUNT 8: <u>VIOLATION OF 42 U.S.C. SECTION 2000 bb-1(c)</u>

143.    Defendant(s) have violated **42 USC Section 2000 bb-1(c)** thereby affording the Petitioner(s) the right to assert a claim or defense in a judicial proceeding and obtain appropriate relief against the government. Standing to assert a claim or defense under this section shall be governed by the **General rules of standing** under **Article 3 of the Constitution**.

144.    **WHEREFORE**, Petitioner(s) Respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00**

and further demands judgment against said Officials in their personal capacity of **$3,000,000.00**.

## COUNT 9: U.S. A. R.  DENIED DUE PROCESS OF LAW

145.    Defendant(s) have violated Petitioner(s) right to **"due process of law"**;

       **a.** Defendant(s) seized Petitioner(s) property without a court order.

       **b.** Defendant(s) incarcerated Petitioner(s) without probable cause.

       **c.** Defendant(s) seized Vehicles and License Plates without cause.

       **d.** Defendant(s) seized Petitioner(s) Drivers License's and other State issued Credentials.

       **e.** Defendant(s) failed to send "Notice of Forfeiture of Property".

146.    Affording due process of law implies, the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise, and to have, and to have the right of controvert, by proof, every material fact which bears on the question of right in the matter involved.  If any question of fact or liability be conclusively presumed against him, this is not due process of law.  Defendant(s) have illegally presumed jurisdiction over the Petitioner(s) property and person.

147.    "The essential elements of "due process of law" are notice and opportunity to be heard.

148.     **WHEREFORE**, Petitioner(s) Respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Officials in their personal capacity of **$3,000,000.00**.

## COUNT 10: VIOLATIONS OF THE R.I.C.O. ACT

149.     Defendant(s) have violated **The R.I.C.O. ACT** § 1961 Definitions sections 15811592, 1951, 2312, 2313, 2314, and 2315, racketeering, conspiracy to enter false documents into the court, unlawfully arresting, detaining, imprisoning, seizing, towing or confiscating private U.S.A.R. State owned Property.

150.     **WHEREFORE**, Petitioner(s) Respectfully demands judgment against Defendant(s) for actual, general, damages in the amount of **$62,536,472,000.00** and further demands judgment against said Officials in their personal capacity of **$3,000,000.00**.

## FACTS

151.     Defendant(s) have violated **Title 18 U.S.C. 241, 242**, obstructing of Justice. This is a violation of a Federal statute which is cognizable when the violation trammels a right secured by federal law.

152.     Upon the preponderance of the evidence, facts, and exhibits a reasonable mind can determine a conspiracy against Petitioner(s) rights. Defendant(s) are the "moving force" behind Petitioner(s) deprivations. ***Monell, 436 U.S. at 694.*** State Officials and Police Officers take an Oath of Office to uphold and protect the U.S. Constitution. By definition, Federal and State Government Officials must obey the U.S. Constitution, and statutes. Defendant(s)' have a responsibility to uphold the Constitution. Petitioner(s) having no access to a Court for redress of grievances and to hear violations of Petitioner(s)' Constitutionally protected rights. Petitioner(s) has a right to expect Government and Court Officials would do their duty to protect Petitioner(s)property. Instead, the Defendant(s)' engaged in conduct that was "arbitrary, or conscientiously shocking, from a Constitutional sense". **Collins v. City of Harker Heights, Texas,** *503 U.S.* **115, 128 (1992); Rymer v. Douglas County, 764 F..2d 796, 801 (11th Cir. 1985***). In addition to providing a remedy for deprivations of Constitutionally protected rights, section 1983 also makes actionable, violations of federal "Laws." **Maine v. Thiboutot, 448 U.S. (1980***).

## All the Officials are not entitled to Official Immunity
## For the following reasons and other issues

153.     The actions of the Defendant(s) clearly violated established

Constitutionally protected rights which a reasonable person would have known and

recognized. The Defendants took the described actions with the malicious intent to

cause injury to Plaintiff(s). All the Officials aided and abetted in a conspiracy to

commit larceny. The issue is presented and thus clearly drawn. As a preliminary

matter let us consider two well-established legal doctrines pertinent in this case.

First, a corporation is liable for the tort of its agents when acts are committed

within the scope of the agent's authority, and in the course of employment even

though the corporation did not authorize or ratify the tortuous acts. **Russell v.**

**American Rock Crusher Co., 181, 894, 317 P.2d 847 (1957).** A related rule of

law states, a principal is responsible for the torts of its agent where the tortuous

acts are incidental to and in furtherance of the principal's business, even though

outside the scope of the agent's authority. *Williams v. Community Drive-In*

*Theater, Inc., 214 Kan. 359, 520 P.2d 1296(1974).* Secondly, punitive damages

are appropriate when the elements of fraud, malice, gross negligence, or

oppression accompany the wrongful act. Such damages are awarded to punish the

wrongdoer for his malicious, vindictive, willful, or wanton invasion of the injured

person's rights. They also serve as an example to restrain and deter others from

the commission of such wrongs. *Augusta Bank & Trust v. Broomfield, 231 Kan.*

*52, 63, 643 P.2d 100(1982); Newton v. Hornblower, Inc. 224 Kan. 506, 525, 582*

*P.2d 1136 (1978);* **Millbrook v. United States.**

154.    It is clear the Defendant(s) has committed a tort within the scope of his employment to render the Defendant(s)' Corporation liable for compensatory damages, and the Defendant(s)' acts are such as to render him liable for punitive damages. *Stroud v. Denny's Restaurant, 271 Or. 430, 435, 532 P.2d 790 (1975).* Mens Rea is valid here, because it is clear that the purpose of the conspirators was to cause the victim economic loss" (per Lord Diplock vs. Scott) for the test of Dishonesty, see *R v Ghosh* **(1982) 2 All ER**

## DAMAGES

155.    As a direct and proximate result of the Defendant(s) conduct, Petitioner(s) has continued to suffer, Physical and mental anguish and psychological and emotional distress, as well as injury to reputation, humiliation, and irreparable harm.  Compensatory, punitive, exemplary, and financial damages are at irreducible minimum, and true and correct.

156.    Because the Constitution does not directly provide for damages, Petitioner(s) must proceed under one of the civil rights statutes that authorizes and award of damages, for alleged Constitutional violations. *F.3d 1296 (6th Sanders v. Prentice-Hall Corp. Sys. 178 Cir. 1999).*  Pleadings in this case are being held In Propria Persona, wherein pleadings are to be considered without regard to technicalities.  In Propria, pleadings are not to be held to the same high standards of

perfection as practicing lawyers. *Haines v. Kerner* **92 Sct 594, also See Power 914 F.2d 1459 (11th Cir 1990)**

157.        **WHEREFORE,** Petitioner(s) Respectfully demands judgment against the Defendant(s) exceeding the Court's jurisdictional amount to be determined as well as the costs of pursuing this action.  At all times Defendant(s) knew or should have known that they were acting in concert to violate clearly established laws.  *Catz v. Chalker,* **142 F.3d 279, 293 (6th Cir. 1998); see Tropf v. Fidelity National Title Insurance Co., 142 F.3d, 293 (6th Cir. 2002)** If by your dishonor you fail to state a claim by which relief can be Granted, your acquiescence equates to agreement of fraud and cause of injury to Petitioner(s).

158.        Upon your acquiescence you agree to compensate Petitioner(s) for injuries. The prayer amount for the injury caused to Petitioner(s) is **$625,364,720,000** Billion dollars and no cents and Punitive Damages from Officials in their individual capacities of **$30,000,000** Million dollars in U.S. Currency.  The Court is now settled upon the rule that (At an irreducible minimum), adjective not reduceable incapable of being reduced or being diminished or simplified further: The Irreducible minimum. Incapable of being brought into a different condition or form. Petitioner(s) also demands the return of the stolen vehicles, license plates, driver's licenses and personal property taken during these false arrests. **See Exhibit [H2-USAR Fee Schedule] and Exhibit [H3 True Bill]**

## CONCLUSION

159.      In conclusion, Petitioner(s) respectfully ask the court to consider the preponderance of evidence showing the number of counts of Civil Rights violations and malicious acts perpetrated by the Defendant(s) against the Petitioner(s).  With respect, Petitioner(s) humbly request that this Honorable Court grants Remedy for Petitioner(s) in the sum of **$625,364,720,000** dollars and **$30,000,000.00** dollars for punitive damages, plus all applicable court fees and any attorney fees and any other justice that this Honorable Court may see fit.

Respectfully submitted,

Christopher H- Cannon: Bey All Rights reserved
President, UNITED STATES OF AMERICA
REPUBLIC
1499 MARTIN LUTHER KING DRIVE
SUITE 64102
PROVINCE OF IINDIANA 46401
Telephone: 202/569-0506
E-mail: presidentusar@mail.com

## Exhibits List "A"

### 1st CAUSE OF ACTION
### DODGE CHARGER

Exhibit A1    **UNITED STATES OF AMERICA REPUBLIC CHARTER**

Exhibit A1    **U.S.A.R. DRIVERS LICENSE**

Exhibit A1    **U.S.A.R. VEHICLE REGISTRATION**

Exhibit A1    **U.S.A.R. LICENSE PLATES**

Exhibit A2    **CHICAGO POLICE CITATIONS**

Exhibit A2    **I-BOND**

Exhibit A2    **CHICAGO POLICE TOW REPORT**

Exhibit A2    **LANG'S TOWING RECEIPT**

Exhibit A2    **COURT DISPOSITION**

Exhibit A3    **CASE DISMISSAL**

## Exhibits List "B"

### 2nd CAUSE OF ACTION
### THEFT OF BLUE CROWN VICTORIA MARSHAL CAR

Exhibit B1    **CASE FILED**

Exhibit B2    **ADMINSTRATIVE REMEDY SOUGHT**

Exhibit B3    **LICENSE PLATES**

Exhibit B4    **MARSHAL CAR VIDEO 1**

Exhibit B5    **MARSHAL CAR VIDEO 2**

Exhibit B6    **AFFIDAVIT OF CHRISTOPHER-CANNON: BEY**

**Exhibits List "C"**
**3rd CAUSE OF ACTION**
**HONDA CRV**

**Exhibit C1**  **AFFIDAVIT OF HARRY CANNON**

**Exhibit C2**  **TRAFFIC TICKETS**

**Exhibit C3**  **TOWE REPORT**

**Exhibit C4**  **COURT DISPOSITION**

**Exhibit C5**  **DAMAGE CLAIMS**

**Exhibit C6**  **UCC FILING AND SECURITY AGREEMENT**

**Exhibit C7**  **AFFIDAVIT OF CHRISTOPHER -CANNON: BEY**

**Exhibits List "D"**
**4th CAUSE OF ACTION**
**BLACK CROWN VICTORIA MARSHAL CAR**

**Exhibit D1**  **AFFIDAVIT**

**Exhibit D2**  **VIDEO OF OFFICER D. GUZMAN DRIVING OFF**

**Exhibit D3**  **VIDEO OF GUZMAN ARREST OF CHIRSTOPHER-CANNON: BEY**

**Exhibit D4**  **ARREST RECORD**

**Exhibit D5**  **VERIFICATION OF INCARCERATION**

**Exhibit D6**  **SPECIAL APPEARANCE AND MOTION TO DISMISS**

**Exhibit D7**  **NON-JUDICIAL REMEDY CLAIM**

**Exhibit D8**  **CASH BAIL PAYMENT**

**Exhibit D9**  **COURT CASE**

**Exhibit D10 TRAFFIC TICKETS**

`Exhibits List "E"
5th CAUSE OF ACTION
2007 FORD EDGE

**Exhibit E1**   PRESIDENT CANNON BEY AFFIDAVIT

**Exhibit E2**   TRAFFIC TICKET 1

**Exhibit E3**   TRAFFIC TICKET 2

**Exhibit E4**   BAIL SLIP

**Exhibit E5**   IMPOUND SLIP

**Exhibit E6**   CANNON: BEY'S DRIVERS LICENSE

**Exhibit E7**   VEHICLE REGISTRATION AND TITLE DOCUMENTS

**Exhibit E8**   PRIVATE PARKING LOT 1 AND 2 PICTURE

**Exhibit E9**   PRIVATE PARKING LOT 1 AND 2 PICTURE

**Exhibit E10**  PRIVATE PARKING LOT 1 PICTURE

**Exhibit E11**  PRIVATE PARKING LOT 1 PICTURE

**Exhibit E12**  PRIVATE PARKING LOT 2 PICTURE

**Exhibit E13**  PRIVATE LOT 1944 WITT CARS PARKED

**Exhibit E14**  PRIVATE LOT 1942 WITH PRIVATE PROPERTY SIGN POSTED

**Exhibit E15**  COURT FINDINGS AND JUDGEMENT

**Exhibit E16** NOTICE OF HEARING AND ORDER


Exhibits List "F"
6th CAUSE OF ACTION
2007 PONTIAC G6

**Exhibit F1**   DAMIEN-HOLMON: BERY AFFIDAVIT 1

**Exhibit F2**   TOW REPORT, TRAFFIC TICKETS, COURT RECORDS (BOND

SLIP)


Exhibits List "G"

44

## 7th CAUSE OF ACTION
## DAMIEN-HOLMON: BEY'S PERSONAL PROPERTY

**Exhibit G1**   **DAMIEN-HOLMON: BEY AFFIDAVIT 2**

**Exhibit G2**   **TRAFFIC TICKETS AND COURT RECORDS**


## Exhibits List "H"

## USAR COMMERCIAL DOCUMENTS

**Exhibit H1**   **USAR CHARTER**

**Exhibit H2**   **USAR FEE SCHEDULE**

**Exhibit H3**   **TRUE BILL**

**Exhibit H4**   **LIST OF ATTORNEYS CONTACTED**


## Exhibits List "I"
## 8th CAUSE OF ACTION
## TRAVIS-AUSTIN: BEY / TOYOTA MATRIX


**Exhibit I1**   **AFFIDAVIT OF TRAVIS-AUSTIN: BEY**

**Exhibit I2**   **IMPOUND SLIP**

**Exhibit I3**   **TRAFFIC TICKETS**

**Exhibit I4**   **BOND SLIP**

**Exhibit I5**   **AFFIDAVIT OF DAMIEN-HOLMON: BEY**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Justice<br>Office of the Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001 | UNITED STATES OF AMERICA REPUBLIC /<br>Christopher-Cannon: bey<br>P.O. BOX 436885<br>CHICAGO, PROVINCE ILLINOIS [60643] |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 2/3/1968 | SINGLE | 03/30/2017 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

Gross misconduct fabrication of evidence, false report, false imprisonment, auto theft swindle, extortion, embezzlement, falsifying court documents entered into the court, misuse of copyrighted documents. This action is brought in pursuit to Federal Tort Claims Act 28 U.S.C. 2671 and the 4th and 5th Amendment of the Constitution 28 U.S.C. 1331 and 1346b. Venue is proper within the district under 28 U.S.C. 1402b as the complaint has occurred in the Northern District of Illinois. Malice, Fraud and misconduct:
Cause 1.) Dodge Charger March 03, 2017- See Exhibits [A1-A3], Cause 2.) Blue Crown Victoria - Nov. 07, 2018 - se Exhibits [B1-B6], Cause 3.) Honda CRV - Jan. 25, 2020- See Exhibits [C1-C6], Cause 4.) Black Crown Victory -Feb. 2, 2019 – See Exhibits [D1-D10], Cause 5.) Ford Edge - Nov. 24th, 2020 – See Exhibits [E1-E14], Cause 6.) Pontiac G6 - Sept. 03, 2020 – See Exhibits [F1-F2], Cause 7.) USAR Personal Property - Oct. 23, 2020 - See Exhibits [G1-G2], Cause 8.) Toyota Matrix - Dec. 16, 2020 - See Exhibits [I1-I6].

**9.** PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

The above vehicles were Fraudulently Seize, impounded and in some cases destroyed without a warrant, court order, judgement or due process of law. See attached exhibits...

**10.** PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Unlawful seizure of property without a warrant, Unlawfully detaining owner and violation of his Civil rights. Title 18 sec. 241 and 242. False imprisonment, cruel and unusual punishment inflicted during incarceration by trying to coerce Claimant to take a mental evaluation and by placing Claimant in a Mental ward. The Illinois Sheriff's Dept. Video taped the attempted coercion of Claimant to take a Mental evaluation.

**11.** WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| Damien-Holmon: Bey | 426 S. Taylor Ave. Aprt. 3A, Province of Illinois [606] |
| Christopher-Cannon: Bey | 201 E. Ridge Rd., Province of Indiana [46409] |
| Travis-Austin: Bey | 4411 Ashland, Ave, Province of Missouri [63115] |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $868,000,000.00 | NONE | $625,364,720,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| C.C. Bey | (202)569-0506 | 12/22/2020 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident Insurance?  ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☐ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)*  In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)*  In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)*  In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)*  **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

## CERTIFICATE OF SERVICE

I certify that the original of the foregoing Complaint was sent to all of the Defendants listed below. Sent this day _29th_ of _December_, 2020.

State of Illinois
D Guzman Badge #17279
City of Chicago
City of Chicago Mayor Lori Lightfoot
David O. Brown, Chief of Chicago Police
Thomas Dart Sheriff
Cook County Clerk, Karen Yarbrough
Brendan F. Kelly, Director
Illinois State Police
Chicago Police Officer Guzman
City of Chicago Dept. of Streets and Sanitation
Robert Dyckman
Supervisor Auto Pound 6
Tom Dart Cook County Sheriff
Markham Court
Judge Thomas Carroll
Court Room 204
Cook County Judge
Thaddeus L. Wilson
Court Room 404
Other Unknown Law Enforcement officers,
From the City of Gary IN. police,
Merrillville IN. police,
Calumet City IL. City of Chicago IL. Police,
Georgia State Patrol, Ohio, Illinois, Oak Park, IL
Police Department, Officer J. Curtin,
Office A. Flores, Officer C. McVey
Indiana Secretary of State, Connie Lawson
    **Defendant(s),**

Respectfully submitted,

President Christopher-Cannon: Bey All Rights reserved

1499 Martin Luther King Drive Suite 64102

Province of Indiana 46401

1