UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTOPHER H. CANNON BEY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   Cause No. 2:20-cv-480-PPS-JPK |
| THE STATE OF ILLINOIS, *et al.*, | ) ) ) |
| Defendants. | ) |

### ORDER

"Christopher H-Cannon: Bey, Damien-Holmon: Bey, Travis-Austin: Bey, Petitioners on behalf of a class," pro se plaintiffs, have submitted a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1; DE 2.] They bring similar claims to the ones brought by Cannon in case number 2:20-cv-373, where I denied an application for a preliminary injunction and restraining order.

Because the pro se plaintiffs are trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

A document filed pro se is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).  Nonetheless, in this case, the complaint is confusing and difficult to decipher.  Plaintiffs have brought suit against almost 30 defendants, including, among others, the City of Chicago, Mayor Lori Lightfoot, Sheriff Thomas Dart, Cook County Judge Thaddeus Wilson, the state of Ohio, the state of Illinois, and certain named Chicago Police Officers.  The complaint seems to allege instances where Illinois State Troopers arrested Cannon, the Chicago Department of Streets and Sanitation illegally seized several vehicles owned "by the United States of America Republic for Law Enforcement purposes" characterized as "theft," officers participated in unfounded traffic stops and violations, falsified information on parking tickets, stalked Cannon at his employment, and when officers tried to fingerprint Cannon without his consent, he explained "that his fingerprints were the property of The United States American Republic."  [Compl. ¶¶ 14, 20, 25, 50, 56, 89.]  The complaint alleges the defendants committed a pattern of "defrauding the public trust and committing acts of piracy on dry land." [*Id.* ¶ 57.]  Similarly confusing allegations are made on behalf of two other petitioners, Damien-Holmon: Bey [*Id.* ¶¶ 92-113] and Travis-Austin: Bey [*Id.* ¶¶ 114-19].  The complaint also alleges conspiracy and kidnapping.  [*Id.* ¶ 127.]  The requested relief is more than $62 billion.  [*Id.* ¶ 125.]  It is entirely unclear why the case was brought in this district. Anyway, it matters not since the complaint must be dismissed.

As the Seventh Circuit has noted, "[s]ometimes . . . a suit is dismissed because

2

the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (allegations are frivolous if they are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible") (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Unfortunately, Plaintiffs' claims fall into this category.

Additionally, I note that the caption contains three named pro se plaintiffs, but the complaint and other paperwork filed in this case (all signed only by Cannon), indicate that Christopher H. Cannon-Bey is intending to bring the action on behalf of the other plaintiffs and a class of people. Pro se parties may only represent themselves; they cannot bring suit on behalf of others. *Hernandez v. City of Chicago*, No. 10 C 7544, 2011 WL 149455, at *2 (N.D. Ill. Jan. 14, 2011) (citing 28 U.S.C. § 1654; *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008)). In other words Cannon, a non-lawyer, cannot represent another individual or an organization.

I note that Cannon has requested counsel in this case. [DE 5.] But in light of the fundamental problems with the complaint as described above, it would not be fruitful to appoint counsel in this case.

Accordingly, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B), and the motion to proceed *in forma pauperis* [DE 2] is **DENIED.**

3

SO ORDERED.

ENTERED: January 5, 2021.

                                            /s/   Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT